# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WALTER DAVID STOBBE,

      Plaintiff,

      v.

DONALD J. TRUMP, et al.,

      Defendants.

Civil Action 2:21-cv-2073
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Plaintiff, Walter David Stobbe, an Ohio resident who is proceeding *pro se*, brings this action against President Donald J. Trump and his son Donald J. Trump Jr., as well as Wips.com and employees Lukas Jan Marek, Jakub Kremank and Lukas Stibor. This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed in forma pauperis is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1) as frivolous.

## I. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

The central allegation in Plaintiff's Complaint is that President Donald J. Trump, aided by the other Defendants, undertook a campaign of online harassment and cyber attacks against Plaintiff in retaliation for him voting for Joseph R. Biden in the 2020 election. (*See generally* Doc. 1-1). Plaintiff does not specifically assert a cause of action under any statute, and seeks monetary damages surpassing $100,000,000,000.00. (*Id*. at 1). Ultimately, the Complaint simply contains a wide range of unintelligible accusations:

> Defendant Trump was on the computer with cookies from the whitehouse.gov. When Plaintiff discovered Trump and wips.com were on the computer, and the attacks continued, Plaintiff made the comment in the URL Bar as follows: "wips.com are going to get it, and so is the a*s in Washington." Trump responded

2

> "well, the a*s from Washington is here." . . . Defendants Donald J. Trump and Donald J. Trump, Jr. were there embellishing the attacks as observers.

(*Id*. at 2).

> On July 24, 2020, wips.com harass[ed] Plaintiff daily by calling the house repeatedly and changing passwords on every account they know of, Apple, Social Security, Gmail and Yahoo mail.

(*Id*. at 6).

> [They] continue[] to harass Plaintiff and housemates by calling the house constantly and trying to vandalize everything in their sights. If Plaintiff watches TV, every evening prior to retiring, Plaintiff must unplug the TV and Cable Box for fear that they will destroy more equipment. Defendant wips.com also sends very loud clicking sounds. They cannot successfully kill the SONY Bravia but continue in earnest to do also.

(*Id*. at 7).

At base, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated his rights. Accordingly, he has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555. Moreover, these allegations are so nonsensical as to render his Complaint frivolous. As detailed above, a claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz*, 325 F. App'x at 429–30 (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Ultimately, Plaintiff's allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Because Plaintiff's Complaint is premised on such incomprehensible allegations, the

Undersigned finds he has failed to state a plausible claim for relief, and it is recommended that this action be dismissed as frivolous.  *See Flores*, 2014 WL 358460, at *3.

### III.     CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** the Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1) as frivolous.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: May 6, 2021                                      /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE